**UNITED STATES of America,**
**Appellee,**

v.

**Yordan CHAPELLI–PEDROSO,**
**Appellant.**

**No. 11–1968.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Aug. 24, 2011.

Filed: Aug. 31, 2011.

Daniel A. Chatham, Special Assistant U.S. Attorney, U.S. Attorney's Office, Cedar Rapids, IA, for Appellee.

Yordan Chapelli–Pedroso, Bennettsville, SC, pro se.

John Leonard Lane, Cedar Rapids, IA, for Appellant.

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

PER CURIAM.

Yordan Chapelli–Pedroso appeals from the sentence the district court[1] imposed after he pled guilty to distributing and aiding and abetting in the distribution of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. Counsel has moved to withdraw, and has filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

We conclude that the district court committed no procedural error in sentencing Chapelli–Pedroso, and imposed a substantively reasonable sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) (in reviewing sentence, appellate court first ensures that district court committed no significant procedural error, and then considers substantive reasonableness of sentence under abuse-of-discretion standard; if sentence is within Guidelines range, appellate court may apply presumption of reasonableness); *United States v. Valadez,* 573 F.3d 553, 556 (8th Cir.2009) (per curiam) (sentence at bottom of Guidelines range is presumed reasonable). Nothing in the record indi-

---

1. The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

cates that the district court failed to consider a relevant 18 U.S.C. § 3553(a) sentencing factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing relevant factors. *See United States v. Haack,* 403 F.3d 997, 1004 (8th Cir.2005) (describing ways in which court might abuse its discretion at sentencing).

Having reviewed the record independently under *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.